**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAMEROON WHITERU | : |
| INDIVIDUALLY AND AS PERSONAL | : |
| REPRESENTATIVE OF THE ESTATE | : |
| OF OKIEMUTE C. WHITERU | : |
| 105-60 Avenue N. | : |
| Brooklyn, NY  11236 | : |
| | : |
| And | : |
| | : |
| AGNES WHITERU | : |
| 105-60 Avenue N. | : |
| Brooklyn, NY  11236 | : |
| | : |
|        Plaintiffs, | : |
| | : |
|   v. | : |
| | : Civil Action No.: |
| | : |
| WASHINGTON METROPOLITAN | : |
| AREA TRANSIT AUTHORITY | : |
| 600 5th Street, N.W. | : |
| Washington, D.C. 20001 | : |
| | : |
|       Defendant. | : |
| | : |

DEFENDANT'S NOTICE OF PREVIOUS FILINGS
IN SUPERIOR COURT OF THE DISTRICT OF COLUMBIA


Defendant hereby submits the filings previously made by Plaintiffs in the Superior Court

of the District of Columbia in this action being removed.

1. Complaint

2. Jury Demand

3. Summons

4. Initial Order and Addendum

5. Civil Division-Civil Information Sheet

A copy of the documents is attached hereto.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Chief Counsel – Torts
WMATA-General Counsel
600 5th Street, N.W.
Washington, D.C. 20001
(202)962-1496

/s/Patricia B. Donkor
Patricia B. Donkor #1000455
Assistant General Counsel
WMATA-General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2560
e-mail:  pdonkor@wmata.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Previous Filings was efiled and

mailed, postage prepaid, this 8th day of June 8, 2015, to:

Louis G. Close, III, Esq.
403 Central Avenue
Towson, Maryland 21204

/s/ Kathleen A. Carey
Kathleen A. Carey



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Cameroon Whiteru, et ux.
_____
                                                    Plaintiff

                    vs.                                         Case Number **15 - 0 0 3 2 2 2**
Washington Metropolitan Area Transit Authority

_____
                                                    Defendant

### SUMMONS

To the above named Defendant:

       You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

       You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

   Louis G. Close, III
_____             *Clerk of the Court*
Name of Plaintiff's Attorney

   403 Central Avenue                         By _____
_____
Address                                              Deputy Clerk
   Towson, Maryland 21204

   (410) 296-3606                             Date _____05/01/15_____
_____
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ


IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

       If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                              Demandante
                contra

                                                    Número de Caso: _____

_____
                              Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____            *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                                    Por: _____
_____                          Subsecretario
Dirección

_____
                                                    Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
        번역을 원하시면, (202) 879-4828 로 전화주십시요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.   SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CAMEROON WHITERU
   Vs.                                     C.A. No.       2015 CA 003222 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date:  May 1, 2015
Initial Conference: 10:00 am, Friday, August 21, 2015
Location:  Courtroom 517
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

| | |
|---|---|
| Cameroon Whiteru, et ux. | Case Number: **15 - 0 0 3 2 2 2** , |
| vs | Date: 05/01/15 |
| Washington Metropolitan Area Authority ☐ | One of the defendants is being sued in their official capacity. |

| Name: *(Please Print)* Louis G. Close, III | Relationship to Lawsuit |
|---|---|
| Firm Name: Louis G. Close, III, LLC | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.: (410) 296-3606    Six digit Unified Bar No.: 451715 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury

Demand: $ 25,000,000.00    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____ Judge: _____ Calendar #:_____

Case No.:_____ Judge: _____ Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**                                                    **COLLECTION CASES**

☐ 01 Breach of Contract        ☐ 07 Personal Property         ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty        ☐ 09 Real Property-Real Estate  ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance       ☐ 17 OVER $25,000
☐ 15 Special Education Fees     ☐ 13 Employment Discrimination

**B. PROPERTY TORTS**

☐ 01 Automobile                ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 09 Harassment                ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy           Not Malpractice)
☐ 03 Assault and Battery       ☐ 11 Libel and Slander         ☑ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference   ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution     ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 14 Malpractice Legal         ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                     ☐ 16 Negligence- (Not Automobile,  ☐ 23 Tobacco
                                   Not Malpractice)            ☐ 24 Lead Paint

---

SEE REVERSE SIDE AND CHECK HERE ☐    IF USED

CV-496/Aug 12

# Information Sheet, Continued

**C. OTHERS**

I.

| | | |
|---|---|---|
| ☐ 01 Accounting | ☐ 10 T.R.O./ Injunction | ☐ 25 Liens: Tax/Water Consent Granted |
| ☐ 02 Att. Before Judgment | ☐ 11 Writ of Replevin | ☐ 26 Insurance/ Subrogation |
| ☐ 04 Condemnation (Emin. Domain) | ☐ 12 Enforce Mechanics Lien | Under $25,000 Consent Denied |
| ☐ 05 Ejectment | ☐ 16 Declaratory Judgment | ☐ 27 Insurance/ Subrogation |
| ☐ 07 Insurance/Subrogation | ☐ 17 Merit Personnel Act (OEA) | Over $25,000 |
| Under $25,000 Pltf. | (D.C. Code Title 1, Chapter 6) | ☐ 28 Motion to Confirm Arbitration |
| Grants Consent | ☐ 18 Product Liability | Award (Collection Cases Only) |
| ☐ 08 Quiet Title | ☐ 24 Application to Confirm, Modify, | ☐ 26 Merit Personnel Act (OHR) |
| ☐ 09 Special Writ/Warrants | Vacate Arbitration Award | ☐ 30 Liens: Tax/ Water Consent Denied |
| (DC Code § 11-941) | (DC Code § 16-4401) | ☐ 31 Housing Code Regulations |

II.

| | | |
|---|---|---|
| ☐ 03 Change of Name | ☐ 15 Libel of Information | ☐ 21 Petition for Subpoena |
| ☐ 06 Foreign Judgment | ☐ 19 Enter Administrative Order as | [Rule 28-I (b)] |
| ☐ 13 Correction of Birth Certificate | Judgment [ D.C. Code § | ☐ 22 Release Mechanics Lien |
| ☐ 14 Correction of Marriage | 2-1802.03 (h) or 32-1519 (a)] | ☐ 23 Rule 27(a) (1) |
| Certificate | ☐ 20 Master Meter (D.C. Code § | (Perpetuate Testimony) |
| | 42-3301, et seq.) | ☐ 24 Petition for Structured Settlement |
| | | ☐ 25 Petition for Liquidation |

_____
Attorney's Signature

05/01/15
Date  5/1/15

CV-496/Aug 12

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| CAMEROON WHITERU, | * |
| Individually, and as Personal Representative | |
| of the Estate of Okiemute C. Whiteru | * |
| 105-60 Avenue N. | |
| Brooklyn, NY 11236 | * |
| | |
| and | * |
| | |
| AGNES WHITERU | * |
| 105-60 Avenue N. | |
| Brooklyn, NY 11236 | *   Civil Action No.: _____ |
| | |
| Plaintiffs, | * |
| | |
| v. | * |
| | |
| WASHINGTON METROPOLITAN AREA | * |
| TRANSIT AUTHORITY | |
| 600 Fifth Street, N.W. | * |
| Washington, D.C. 20001 | |
| | * |
| Serve On: | |
| Carol B. O'Keeffe, Esquire | * |
| WMATA | |
| Office of General Counsel | * |
| 600 Fifth Street, N.W. | |
| Washington, D.C. 20001 | * |
| | |
| Defendant. | * |

15 - 003222

RECEIVED
Civil Clerk's Office
MAY 0 1 2015
Superior Court of the
District of Columbia
Washington, D.C.

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COME NOW the Plaintiffs, Cameroon Whiteru, Individually and as Personal

Representative of the Estate of Okiemute C. Whiteru, Deceased (hereinafter "Plaintiffs'

Decedent"), and Agnes Whiteru, by and through their attorney, Louis G. Close, III, and sue

the Defendant, Washington Metropolitan Area Transit Authority (hereinafter "WMATA"),

and state as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this Court pursuant to the Washington Metropolitan Area Transit Authority Compact (hereinafter "the WMATA Compact"), which established original and concurrent jurisdiction in this Court over matters involving WMATA.  See WMATA Compact Art. XVI § 81; D.C. Code § 9-1107.01(81).

2.      Venue in this Court is proper as all of the negligent acts and/or omissions complained of herein occurred in the District of Columbia.

## PARTIES

3.      Plaintiff Cameroon Whiteru is the natural father and the Personal Representative of the Estate of Plaintiffs' Decedent, Okiemute C. Whiteru, and at all times relevant hereto, was a resident and citizen of the State of New York.

4.      Plaintiff Agnes Whiteru is the natural mother of Plaintiffs' Decedent, Okiemute C. Whiteru, and at all times relevant hereto, was a resident and citizen of the State of New York.

5.      Plaintiffs' Decedent, Okiemute C. Whiteru, was, at all times relevant hereto, a resident and citizen of the District of Columbia, residing at 400 M Street, S.E., Apt. 136, Washington, D.C. 20003.

6.      Defendant WMATA is a tri-jurisdictional government agency created by Congress by way of the WMATA Compact.

7.      Pursuant to the WMATA Compact, the exclusive remedy for tort claims brought against WMATA shall be by suit filed against WMATA; suits against the State or local governments of the WMATA Compact signatories, i.e., the District of Columbia, Maryland and Virginia, are expressly prohibited.

8.      As the tort claims herein apply exclusively to WMATA, and do not implicate

the District of Columbia local government, or any other WMATA Compact signatories, the

statutory notice requirements prescribed by D.C. Code § 12-309, for claims filed against the

District of Columbia, are not applicable to this case.

9.      At all times relevant hereto, Defendant WMATA was the owner and operator

of a railway transit system, with multiple railway stations and lines located throughout the

District of Columbia.

10.      At all times relevant hereto, Defendant WMATA was the owner and operator

of a railway transit station, known as the Judiciary Square Metro Station, located at 450 F

Street, N.W., Washington, D.C. 20001.

11.      At all times relevant hereto, Defendant WMATA's railway transit system,

including the Judiciary Square Metro Station, was operated by duly authorized agents,

servants and/or employees of Defendant WMATA, who were acting within the course and

scope of their employment and/or agency with Defendant WMATA.

12.      At all times relevant hereto, Defendant WMATA, through its duly authorized

agents, servants and/or employees, provided public transportation services throughout the

District of Columbia and maintained its principal place of business within the District of

Columbia.

13.      The provision of mass transportation services, including the duties and

responsibilities that accompany such services, is a proprietary function within the meaning of

the WMATA Compact.

14.      Pursuant to the WMATA Compact, Defendant WMATA shall be held liable

for its negligent acts and/or omissions, including those of its agents, servants and/or

employees, committed in the conduct of any proprietary function. D.C. Code § 9-1107.01 (80).

## STATEMENT OF FACTS

15.     In October 2013, Plaintiffs' Decedent, Okiemute C. Whiteru, was a 35-year-old gentleman, and a licensed practicing attorney residing in the District of Columbia.

16.     On October 19, 2013, Plaintiffs' Decedent utilized the Defendant WMATA's railway/subway transit system, intending to exit by way of Defendant WMATA's Judiciary Square Metro Station property.

17.     On October 19, 2013, Plaintiffs' Decedent was ascending an escalator at Defendant WMATA's Judiciary Square Metro Station when he lost his balance and fell from the escalator a short distance; onto the subway platform; while attempting to collect himself, the Plaintiff's Decedent fell backwards, and dropped a distance of eight feet, resulting in incapacitating injuries to Plaintiffs' Decedent.  These events were seen by agents, servants and/or employees of Defendant WMATA, and recorded by Defendant WMATA's video surveillance cameras located on the subject property.

18.     Due to his fall and resulting injuries, Plaintiffs' Decedent was incapacitated, and required prompt and timely emergency, medical, and/or other assistance.

19.     Unfortunately, despite actual knowledge of Plaintiffs' Decedent's fall, Defendant WMATA, through its duly authorized agents, servants and/or employees, failed to recognize and investigate the happening of the fall, or otherwise respond to the occurrence, such that Plaintiffs' Decedent remained, in his injured state, undiscovered on Defendant WMATA's Judiciary Square Metro Station subway platform for more than **four (4) calendar days**, without the benefit of any emergency, medical and/or other assistance, of any

kind, by anybody.

20.    On October 23, 2013, Plaintiffs' Decedent was finally and belatedly
discovered by agents, servants and/or employees of Defendant WMATA. Unfortunately, as
of this time, Plaintiffs' Decedent had succumbed to his injuries and died a tragic, painful and
untimely death.

**COUNT I**
**(Premises Liability)**

21.    Plaintiffs incorporate in Count I the Statement of Facts set forth hereinabove,
by reference thereto, as if the same were repeated herein.

22.    At all times relevant hereto, Plaintiffs' Decedent was lawfully on Defendant
WMATA's Judiciary Square Metro Station property, as an invitee.

23.    At all times relevant hereto, Defendant WMATA, through its duly authorized
agents, servants and/or employees, owed a duty to Plaintiffs' Decedent to utilize reasonable
care to ensure that the Defendant WMATA's Judiciary Square Metro Station property and
subway platform were safe.

24.    Defendant WMATA, through its duly authorized agents, servants and/or
employees, breached its duty of care to Plaintiffs' Decedent, and was negligent in, among
other things, failing to timely and appropriately recognize, investigate and otherwise respond
to Plaintiffs' Decedent, following his fall and resulting injuries, and render or obtain, timely
and necessary emergency, medical and/or other assistance, despite actual knowledge of the
fall/occurrence; negligently allowing Plaintiffs' Decedent to remain, in his injured state,
undiscovered on the Judiciary Square Metro Station subway platform for more than four (4)
calendar days, despite actual knowledge of the fall/occurrence, without rendering or
obtaining any necessary emergency, medical and/or other assistance; failing to comply with

5

the applicable Federal, District of Columbia, and WMATA statutes, rules, regulations, policies, procedures, instructions, orders, commands and/or directives; failing to exercise the degree of care required under the circumstances; and Defendant WMATA was in other ways negligent.

25.     It is asserted that at all times relevant hereto, Plaintiffs' Decedent's conduct, in utilizing Defendant WMATA's Judiciary Square Metro Station property and subway platform, was reasonable and appropriate under the circumstances.

26.     As a direct and proximate result of the breaches of the duty of care owed to Plaintiffs' Decedent by Defendant WMATA, Plaintiffs' Decedent suffered, among other things, physical bodily injuries; conscious pain and suffering; emotional distress and mental anguish; discomfort, fear and anxiety related to his circumstances and overall condition, ultimately culminating in his tragic, painful and untimely death.

27.     As a direct and proximate result of the breaches of the duty of care owed to Plaintiffs' Decedent by Defendant WMATA, Plaintiffs' Decedent's estate incurred financial loss including, among other things, medical expenses, loss of past, present and future earnings and income, as well as funeral and burial expenses, for which claim is made.

28.     Plaintiffs refer to the negligence of Defendant WMATA, including its duly authorized agents, servants and/or employees, as the sole and proximate cause of all of their injuries, damages, and other losses, including Plaintiffs' Decedent's death, with Plaintiffs and Plaintiffs' Decedent being in no way contributorily negligent.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant WMATA, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest and costs.

6

## COUNT II
### (Negligence)

29.     Plaintiffs incorporate in Count II the Statement of Facts and Count I set forth hereinabove, by reference thereto, as if the same were repeated herein.

30.     At all times of which Plaintiffs complain, Defendant WMATA, through its duly authorized agents, servants and/or employees, represented to Plaintiffs, Plaintiffs' Decedent, and the general public, that it possessed the degree of skill, knowledge and ability possessed by a reasonably competent owner and operator of a mass transit railway system, operating under same or similar circumstances as those involving Plaintiffs' Decedent.

31.     Plaintiffs allege that Defendant WMATA, through its duly authorized agents, servants and/or employees, owed to Plaintiffs and Plaintiffs' Decedent the duty to exercise the degree of care, skill and judgment expected of a reasonably competent owner and operator of a mass transit railway system, acting in the same or similar circumstances, as those involving Plaintiffs and Plaintiffs' Decedent, which duty included, among other things, the prompt and proper recognition, investigation and response to events involving the potential for personal injury occurring on Defendant WMATA's premises, and of which Defendant WMATA had actual and/or constructive knowledge; the provision of adequate, timely and proper emergency, medical, and/or other assistance to members of the general public utilizing Defendant WMATA's railway system and stations, and requiring such assistance; and compliance with all applicable Federal, District of Columbia, and WMATA statutes, rules, regulations, policies, procedures, instructions, orders, commands and/or directives.

32.     Defendant WMATA, through its duly authorized agents, servants and/or employees, was negligent in, among other things, failing to promptly and properly recognize,

7

investigate and otherwise respond to events involving the potential for personal injury occurring on Defendant WMATA's premises, and of which Defendant WMATA had actual and/or constructive knowledge; failing to timely and appropriately recognize, investigate and otherwise respond to Plaintiffs' Decedent, following his fall and resulting injuries, and render or obtain timely and necessary emergency, medical and/or other assistance, despite actual knowledge of the fall/occurrence; negligently allowing Plaintiffs' Decedent to remain, in his injured state, undiscovered on the Judiciary Square Metro Station subway platform, for more than four (4) calendar days, despite knowledge of the fall/occurrence, without rendering or obtaining any necessary emergency, medical and/or other assistance; failing to comply with the applicable Federal, District of Columbia, and WMATA statutes, rules, regulations, policies, procedures, instructions, orders, commands and/or directives; failing to exercise the degree of care required under the circumstances; and Defendant WMATA was in other ways negligent.

33.     It is asserted that at all times relevant hereto, Plaintiffs' Decedent's conduct, in utilizing Defendant WMATA's Judiciary Square Metro Station property and subway platform, was reasonable and appropriate under the circumstances.

34.     As a direct and proximate result of Defendant WMATA's negligence, as outlined above, Plaintiffs' Decedent suffered, among other things, physical bodily injuries; conscious pain and suffering; emotional distress and mental anguish; discomfort, fear and anxiety related to his circumstances and overall condition, ultimately culminating in his tragic, painful and untimely death.

35.     As a direct and proximate result of Defendant WMATA's negligence, as outlined above, Plaintiffs' Decedent's estate incurred financial losses and damages including,

among other things, medical expenses; loss of past, present and future earnings and income; as well as funeral and burial expenses, for which claim is made.

36.    Plaintiffs refer to the negligence of Defendant WMATA, including its duly authorized agents, servants and/or employees, as the sole and proximate cause of all of their injuries, damages, and other losses, including Plaintiffs' Decedent's tragic, painful and untimely death, with Plaintiffs and Plaintiffs' Decedent being in no way contributorily negligent.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant WMATA, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest and costs.

## COUNT III
### (Survival Action)

37.    Plaintiffs incorporate in Count III the Statement of Facts and Counts I and II set forth hereinabove, by reference thereto, as if the same were repeated herein, and further allege that these claims arise under the District of Columbia Survival Statute, D.C. Code § 12-101.

38.    Plaintiffs' Decedent's right of action for negligence against Defendant WMATA, including its duly authorized agents, servants and/or employees, survives in favor of the Plaintiff Cameroon Whiteru, as the Personal Representative of the Estate of Okiemute C. Whiteru, deceased.

39.    As a direct and proximate result of Defendant WMATA's negligence, as outlined above, Plaintiffs' Decedent suffered, among other things, physical bodily injuries; conscious pain and suffering; emotional distress and mental anguish; discomfort, fear and anxiety related to his circumstances and overall condition, ultimately culminating in his

9

tragic, painful and untimely death.

40.    As a direct and proximate result of Defendant WMATA's negligence, as outlined above, Plaintiffs' Decedent's estate incurred financial losses and damages including, among other things, medical expenses; loss of past, present and future earnings and income; as well as funeral and burial expenses, for which claim is made.

41.    Plaintiffs refer to the negligence of Defendant WMATA, including its duly authorized agents, servants, and/or employees, as the sole and proximate cause of all of their injuries, damages, and other losses, including Plaintiffs' Decedent's tragic, painful and untimely death, with Plaintiffs and Plaintiffs' Decedent being in no way contributorily negligent.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant WMATA, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest and costs.

## COUNT IV
### (Wrongful Death Action)

42.    Plaintiffs incorporate in Count IV the Statement of Facts and Counts I, II, and III set forth hereinabove, by reference thereto, as if the same were repeated herein, and further allege that these claims arise under the District of Columbia Wrongful Death Statute, D.C. Code § 16-2701.

43.    As a direct and proximate result of the negligence and wrongful acts and/or omissions of Defendant WMATA, including those of its duly authorized agents, servants and/or employees, as outlined in Counts I, II and III hereinabove, Plaintiffs Cameroon and Agnes Whiteru, natural parents and duly recognized next of kin beneficiaries of Plaintiffs' Decedent, suffered and sustained injuries, damages, and other losses, including funeral and

10

burial expenses; loss of a share of Plaintiffs' Decedent's past, present and future earnings and income; as well as loss of the pecuniary value of services, that would have been provided by the Plaintiffs' decedent; and did suffer and sustain other losses and damages recoverable under the District of Columbia Wrongful Death Statute.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant WMATA, in the amount of Twenty-Five Million Dollars ($25,000,000.00) plus interest and costs.

Respectfully submitted,

Louis G. Close, III, Esquire
D.C. Bar #451715
403 Central Avenue
Towson, Maryland  21204
(410) 296-3606
*Attorney for the Plaintiffs*

11

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

CAMEROON WHITERU,                                          *
Individually, and as Personal Representative
of the Estate of Okiemute C. Whiteru                       *

and                                                        *

AGNES WHITERU                                              *

              Plaintiffs,          *

v.                                                         *   Civil Action No.: _____

WASHINGTON METROPOLITAN AREA                               *
TRANSIT AUTHORITY
                        *

            Defendant.                  *

*    *    *    *    *    *    *    *    *    *    *

FILED
CIVIL ACTIONS BRANCH
MAY 0 1 2015
Superior Court
of the District of Columbia
Washington, DC.

### JURY TRIAL DEMAND

    Plaintiffs demand a jury trial on all claims contained herein.

                              Respectfully submitted,

                              Louis G. Close, III, Esquire
                              D.C. Bar #451715
                              403 Central Avenue
                              Towson, Maryland  21204
                              (410) 296-3606
                              *Attorney for the Plaintiffs*