UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAMEROON WHITERU, *Individually and as Personal Representative of the Estate of Okiemute C. Whiteru, et ux.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 15-cv-0844 (KBJ) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION REGARDING THIS COURT'S GRANT OF DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

Before this Court at present is Defendant Washington Metropolitan Area Transit Authority's ("WMATA's") motion for leave to file a supplemental motion for summary judgment based on decedent Okiemute Whiteru's alleged contributory negligence. (*See* Def.'s Mot. for Leave to File Supplemental Mot. for Summary Judgment ("Def.'s Mot."), ECF No. 71; Def.'s Mem. in Supp. of Def.'s Mot. ("Def.s' Mem."), ECF No. 71-1, at 2–3.)[1] Plaintiffs object to WMATA's motion, arguing that WMATA has not shown good cause, and that this Court already rejected WMATA's meritless contributory negligence argument. (*See* Pls.' Opposition to Def.'s Mot. ("Pls.' Opp'n"), ECF No. 73, at 1.)

On December 6, 2018, this Court issued an order that **GRANTED** WMATA's motion. (*See* ECF No. 77.) This Memorandum Opinion briefly explains the reasons for

---

[1] Page-number citations to documents the parties have filed refer to the page numbers that the Court's electronic filing system assigns.

that order.  In short, the established factors that federal trial courts consider when determining whether or not to permit an out-of-time filing of a summary judgment motion under Federal Rule of Civil Procedure 6 weigh heavily in favor of allowing WMATA to file the instant motion, and given the significance of the proposed filing, this Court has exercised its considerable equitable discretion to authorize WMATA to seek summary judgment at this time.

## I.

This Court has already written an opinion in this case that details the pertinent factual background.  *See Whiteru v. Wash. Metro. Area Transit Auth.,* 258 F. Supp. 3d 175 (D.D.C. 2017).  Therefore, only a brief explanation of the relevant procedural history is necessary here.  On January 21, 2016, this Court issued an initial scheduling order that set deadlines for discovery and for dispositive motions.  (*See* Scheduling Order, ECF No. 24.)  WMATA timely filed its initial motion for summary judgment, which the Court denied on July 7, 2017.  *See id.* at 177.  Thereafter, the Court scheduled pretrial conferences and a trial date.  (*See* Minute Entry of December 21, 2017.)

On May 4, 2018, at the initial pretrial conference, this Court granted Plaintiffs' request to reopen expert discovery nearly two years after it had closed (over WMATA's objection) and vacated the trial date to accommodate Plaintiffs' request for further discovery.  (*See* Transcript of Pretrial Conference on May 4, 2018, at 34–41; *see also* Minute Entries of May 4, 2018, and May 22, 2018.)  On July 25, 2018, WMATA entered new counsel of record (*see* ECF No. 69), and on September 28, 2018, WMATA's new counsel filed the instant motion for leave to file a supplemental motion

for summary judgment (*see* Def.'s Mot.).

In the motion for leave, WMATA's new counsel asserts that he acted as expeditiously as possible to move to file for summary judgment on the potentially dispositive issue of contributory negligence after discovering prior counsel's omission. (*See* Def.'s Mem. at 2–3; *see also* Def.'s Reply to Pls.' Opp'n ("Def.'s Reply"), ECF No. 75, at 3–4.) Plaintiffs oppose the motion, insisting that the deadline to file summary judgment motions has long passed, and that there is no reason for the Court to excuse delay or allow pretrial litigation of contributory negligence. (*See* Pl.'s Opp'n at 1–2.)

## II.

Federal Rule of Civil Procedure 6 allows a Court to permit a party to file an out-of-time motion for summary judgment if the moving party can demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has made clear that, in order to determine whether a party's delay amounts to "excusable neglect," courts must consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "'Excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Furthermore, the district court enjoys "broad discretion" in this determination. *See Wilson v. Prudential Financial*, 218 F.R.D. 1, 3 (D.D.C. 2003); *see also Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (describing the

"great deference" owed to district courts in their "case-management decisions" under Rule 6(b) (internal quotation marks and citation omitted)).

In this Court's view, each of the *Pioneer* factors weighs in favor of granting WMATA's motion. First of all, it is clear to this Court that, at this phase of the litigation, a slight delay for consideration of a dispositive motion will not prejudice Plaintiffs; indeed, in their brief in opposition to WMATA's motion, Plaintiffs have not alleged any such prejudice. (*See generally* Pls.' Opp'n; *see also* Def.'s Reply at 1, 6.) Regarding the length of WMATA's delay in filing this motion and its potential impact on the pending judicial proceedings, the Court notes that WMATA's new attorney moved to file a supplemental motion just two months after WMATA's change of counsel. More important, this Court finds that the tardiness of the instant summary judgment filing, which comes more than two years after the initial deadline for dispositive motions, is unlikely to impact the overall proceedings for two reasons: first, because there are several pending motions in limine related to the legal issue of the availability of a contributory negligence defense (*see* Pls.' Mot. in Limine to Preclude Argument of Contributory Negligence, ECF No. 45; Pls.' Mot. in Limine to Preclude Argument of Assumption of Risk, ECF No. 46 (together, "Pls.' Contributory Negligence MILs")); and second, because another trial date has not yet been set, and this Court will not be available to try this case for several months—not until the late summer of 2019, at the earliest.

Turning to the third factor in the excusable neglect analysis, WMATA's posited reason for the delay is "oversight by WMATA's prior counsel." (*See* Def.'s Mem. at 3.) The D.C. Circuit has made clear that "'excusable neglect' does not require counsel to

4

have been faultless, and 'inadvertence, mistake, or carelessness' can fall within the rule." *Cohen v. Bd. of Trustees of the Univ. of D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016) (quoting *Pioneer*, 507 U.S. at 388). Moreover, the Circuit has explicitly declined "to adopt a *per se* rule that garden variety attorney inattention can never constitute excusable neglect." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003).

This Court is fully aware that judges frequently exercise their discretion to reject untimely filings where the justification for such a filing is minor attorney error, like noncompliance with deadlines or filing procedures. *See Inst. For Policy Studies v. CIA*, 246 F.R.D. 380, 384–85 (D.D.C. 2007) (collecting cases). But the error alleged here is neither minor nor the kind of "mere oversight" that courts may find insufficient to support excusable neglect, *see Gadsden v. Jones Lang Lasalle Americas, Inc.*, 210 F. Supp. 2d 430, 436 (S.D.N.Y. 2002) (quotation marks and citation omitted): instead, it is a significant legal issue of substantive judgment, the omission of which might well have bordered on ineffectiveness by prior counsel. In addition, new counsel worked quickly to prepare a supplemental motion for summary judgment and to ask for leave to file it under Federal Rule of Civil Procedure 6(b)(1)(B). (*See* Def.'s Reply at 2–5.)

Notably, there is precedent in this district for the granting of similar WMATA motions. In a nearly identical situation, when new counsel acted expeditiously, the court found excusable neglect and granted the motion for a late-filed summary judgment "supplement[]"—notwithstanding its "reservations" about excusing prior counsel's oversight. *See McFadden v. Wash. Metro. Area Transit Auth.*, Case No. 14-1115 (Walton, J.), Order ("*McFadden* Order"), ECF No. 153, 3–4 (D.D.C. Feb. 26,

5

2018). Here, this Court further observes that the delay in filing the supplemental motion appears to be entirely attributable to WMATA's change of counsel; Plaintiffs have not offered any evidence that WMATA intentionally withheld this summary judgment argument or otherwise acted in bad faith.

When weighing the *Pioneer* factors, courts must remember that the excusable neglect determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. In the instant case, not only does each factor point toward granting WMATA leave to file the supplemental motion, but broad equitable considerations also support WMATA's contention that its motion should be granted, because this Court previously vacated the trial it had scheduled in this case in order to give *Plaintiffs* leave to correct an oversight of theirs (i.e., leave to conduct additional expert discovery) more than two years after expert witness discovery had closed. (*See* Initial Pretrial Conf. Tr., 33–41, May 4, 2018; Min. Order of May 22, 2018; *see also* Def.'s Reply at 1–2.) Given the potential significance of the omission by prior WMATA counsel; the swiftness with which new counsel moved for correction of this oversight; and the flexibility that this Court has previously extended to Plaintiffs regarding lapsed deadlines, the Court concludes that a finding of "excusable neglect" within the meaning of Rule 6 is warranted here.

### III.

Plaintiffs' objections center on WMATA's reasons for failing to raise the contributory negligence argument earlier. (*See* Pls.' Opp'n at 2–5.) Notably, in so arguing, Plaintiffs rely primarily—and mistakenly—on cases applying Rule 16's "good cause" standard (*see id.*), which differs from the *Pioneer* factors that a court must

6

consider when determining "excusable neglect" under Rule 6. *See Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (explaining Rule 16's "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite [its] diligence" (alteration in original) (internal quotation marks and citations omitted)). Rule 16 governs the modification of scheduling orders, *see* Fed. R. Civ. P. 16(b)(4), but here WMATA is not seeking to modify a scheduling order, nor is it asking for any relief that will require modifications of a scheduling order in the future. The D.C. Circuit has analyzed similar late-filed summary judgment motions only under Rule 6's "excusable neglect" standard even in cases where a scheduling order has been entered. *See, e.g.*, *Smith v. District of Columbia*, 430 F.3d 450, 456–57 (D.C. Cir. 2005) (reviewing *Smith v. Dep't of Mental Health*, Case No. 2-cv-481, where the district court granted a late-filed summary judgment motion after issuing scheduling orders). Thus, Plaintiffs' Rule 16 arguments and the related authority are inapposite.[2]

Plaintiffs also assert that this Court has already resolved the issue of contributory negligence in this case, and to support this contention, Plaintiffs point to a footnote in this Court's prior opinion that explains that the station agent would have had an affirmative duty to aid decedent Whiteru had she found him. *See Whiteru*, 258 F. Supp.

---

[2] It is unclear if Plaintiffs are attempting to equate the "good cause" language in Rule 6(b) with that same phrase in Rule 16. (*See* Pls.' Opp'n at 2.) Although Rule 6(b) now contains the term "good cause," *see* Fed. R. Civ. P. 6(b)(1) (explaining that a court "may, for good cause" extend deadlines under certain circumstances), when *Pioneer* explained Rule 6(b)'s "excusable neglect" inquiry, the language of the rule allowed extensions for "cause shown." *See Andrews v. Daughtry*, 994 F. Supp. 2d 728, 735 (M.D.N.C. 2014). The subsequent change in language was "intended to be stylistic only" and did not somehow import Rule 16's standard into the amended language of Rule 6(b). *See* 4B Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 n. 9 (4th ed. 2015) (citing Advisory Committee's Note to the 2007 Amendment to Rule 6). Consequently, *Pioneer*'s emphasis on "excusable neglect" remains the appropriate standard for the Rule 6(b) analysis. *See, e.g.*, *Yesudian*, 270 F.3d at 971.

7

3d at 192 n.11.  But this footnote does not address, much less resolve, the issue of whether any alleged contributory negligence by decedent Whiteru eliminates WMATA's liability.  Rather, the language to which Plaintiffs point merely references caselaw that suggests that the contributory negligence of a passenger on a common carrier does not erase the common carrier's duty to render assistance.  *See id.*

Finally, to the extent that Plaintiffs object to WMATA's motion for leave on the grounds that any such supplemental motion for summary judgment would be meritless (*see* Pls.' Opp'n at 5–8), the parties' briefs regarding Plaintiffs' pending motions in limine belie this contention.  These pending briefs expressly raise the contributory negligence question, and thereby suggest that there is a significant and material legal dispute to be resolved by the Court.  (*See* Pls.' Contributory Negligence MILs.)  Thus, "even if a trial is [ultimately] required, the arguments raised . . . are issues the Court will presumably have to address in any event [before] the trial."  *McFadden* Order at 6–7.  Consequently, the same concerns of judicial economy that Judge Walton considered compelling in the substantially similar *McFadden* case exist here.  *See id.* (emphasizing that allowing a late dispositive motion "could obviate the need for trial, further conserving judicial resources and the time and money the parties will have to expend if this case proceeds to trial").

## IV.

This Court is persuaded that the *Pioneer* factors, as well as the broader gauge of equitable circumstances more generally, "ultimately tip in favor of finding WMATA's neglect excusable."  *Id.* at 4; *see also Yesudian*, 270 F.3d at 971.  Therefore, as reflected in its Order of December 6, 2018, WMATA's motion for leave to file a

supplemental motion for summary judgment has been **GRANTED**, and the parties have proceeded to propose a schedule for full summary judgment briefing.  (*See* Proposed Briefing Schedule, ECF No. 78.)

DATE:  December 17, 2018                             *Ketanji Brown Jackson*
                                                                              KETANJI BROWN JACKSON
                                                                              United States District Judge